Armen SETRAKYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–73974.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 2006.

Decided July 31, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Armen Setrakyan, Orangeville, CA, pro se.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Cindy S. Ferrier, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Brent J. McIntosh, Esq., Office of the Solicitor General, Washington, DC, Janet L. Parker, Esq., Office of United States Attorney, Bay City, MI, for Respondent.

Before: GOODWIN, HUG, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM *

Petitioner Armen Setrakyan, a native and citizen of Armenia, seeks review of the

---

* This disposition is not appropriate for publica-    tion and may not be cited to or by the courts

Board of Immigration Appeals's ("BIA") denial of his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. He argues the Immigration Judge's ("IJ") adverse credibility finding is not supported by substantial evidence and that the past persecution he alleges is sufficiently political to meet the requirements of 8 U.S.C. § 1101(a)(42)(A). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition and remand to the BIA for further consideration.

## Discussion

Because the BIA summarily affirmed under 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency action. *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir.2004). We review for substantial evidence the IJ's adverse credibility finding, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002), as well as his factual determination of whether Setrakyan was persecuted "on account of ... political opinion," *INS v. Elias–Zacarias*, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

### 1. *Adverse Credibility*

■ The IJ's adverse credibility finding in this case is not supported by substantial evidence. The IJ found Setrakyan's testimony incredible because he considered it implausible Setrakyan had the knowledge he claimed to have concerning his relatives' investigation of the Armenian President. In making this finding, the IJ effectively ignored credible evidence of Setrakyan's close personal relationship with his relatives on matters of trust and his own activity in the same opposition party. Moreover, the IJ provided no justification for his opinion concerning what Setrakyan would or would not have known. Although the substan-

tial evidence standard is a deferential one, an IJ may not rest an adverse credibility finding on his or her own speculation or conjecture as the IJ did here. *Gui*, 280 F.3d at 1225, 1227.

■ In addition, the IJ expressed doubt as to Setrakyan's credibility because Setrakyan had presented no "extended" or "extrinsic" evidence supporting his alleged knowledge of the investigation. However, not only did Setrakyan provide evidence corroborating his claim in the form of credible expert witness testimony, it is settled that such independent corroborative evidence is not required from asylum applicants where their testimony is otherwise unrefuted and credible. *Id.* at 1227.

Finally, the IJ noted several pieces of testimony which he considered inconsistent. However, of those cited, only two are actual inconsistencies, and both are minor discrepancies in peripheral dates incapable of supporting an adverse credibility finding. *Vilorio–Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir.1988) ("Minor inconsistencies in the record such as discrepancies in dates which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding.").

"[W]hen each of the IJ's or BIA's proffered reasons for an adverse credibility finding fails, we must accept a petitioner's testimony as credible." *Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir.2004).

### 2. *Political Opinion*

■ In the alternative, the IJ found that, even if his testimony were deemed credible, Setrakyan failed to establish his alleged past persecution was on account of political opinion. That determination is similarly unsupported by substantial evidence. If credible, Setrakyan's testimony

of this circuit except as provided by 9th Cir.   R. 36–3.

establishes that he was apprehended, beaten and threatened because of his membership in, and activity on behalf of, an opposition political party, his close personal relationship with his political activist uncle and cousin, and his proximate knowledge of their presidential corruption investigation. Such facts compel the conclusion that Setrakyan's alleged abductors were motivated to persecute him, at least in significant part, because of his actual or imputed political beliefs. *Grava v. INS,* 205 F.3d 1177, 1181 (9th Cir.2000); *Sangha v. INS,* 103 F.3d 1482, 1488 (9th Cir. 1997). Accordingly, we reverse the IJ's alternative decision that Setrakyan was not persecuted on account of his political opinion.

3. *Convention Against Torture*

We also remand for the BIA to conduct an independent review of Setrakyan's claim under the Convention Against Torture. Because the IJ addressed Setrakyan's CAT claim, and the BIA affirmed without opinion, the CAT issue is properly before the court. Claims for relief under the CAT are analytically separate from claims for asylum under INA § 208 and for withholding of removal under INA § 241(b)(3). *Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001). Our cases and 8 C.F.R. § 208.16 entitle Setrakyan to an independent review of his claim under the CAT. *Id.*

Petition for review GRANTED; REVERSED and REMANDED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.